UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

DONALD LEE NEW, JR.,                                    Case No. DK 20-03315
aka DONALD L. NEW, JR.,                                 Chapter 7
aka DONALD NEW, JR,                                     Hon. Scott W. Dales

                    Debtor.

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

On October 29, 2020, debtor Donald Lee New, Jr. (the "Debtor") filed a chapter 7 voluntary petition but he failed to file Official Form B121 (Statement about Your Social Security Numbers), among other required documents.  The Clerk notified the Debtor of the deficiencies but because the omissions persisted for nearly two months, the court entered the Order Dismissing Chapter 7 Case (ECF No. 15, the "Dismissal Order") on December 23, 2020.

On January 21, 2021, more than fourteen days after entry of the Dismissal Order, the Debtor, through counsel, filed a Motion to Vacate Dismissal and Reinstate Case (ECF No. 21, the "Motion").  The court reviewed the Motion and set the matter for hearing which took place, by telephone due to the public health emergency, on February 17, 2021.  The Debtor appeared at the hearing through counsel.[1]  At the hearing, counsel confirmed that she served the Motion and the

_____

[1] The court is informed that Mr. New telephoned the Clerk after the hearing indicating that he attempted to attend the hearing, and that he was frustrated with the process.  The court notes, however, that his counsel represented him at the hearing.

Hearing Notice on the creditor matrix as directed.[2]  No party in interest filed opposition to the Motion.

The Debtor's Motion does not specify any authority for vacating the Dismissal Order or even the procedural rule upon which it relies. It does not address the effect, if any, that granting the Motion will have on the automatic stay. Instead, the Debtor simply argues that the deficiencies prompting the court to dismiss the case, reportedly attributable to "mere inadvertence," have been corrected, so the court should vacate the Dismissal Order.  The court disagrees and will deny the Motion for several reasons.

First, as just noted, the Motion offers no authority for the relief requested.  The court has typically treated a motion that seeks to alter a substantive aspect of a ruling as made under Fed. R. Bankr. P. 9023 (adopting Fed. R. Civ. P. 59(e)),[3] and a motion raising issues collateral to the merits as made under Rule 9024 (incorporating Rule 60).  *See In re Barker-Fowler Elec. Co.*, 141 B.R. 929, 935 (Bankr. W.D. Mich. 1992) (noting "considerable overlap" between the rules but drawing this distinction).  The timing of the motion is also important -- a motion made within fourteen days of the order at issue "suspends the finality" of the order in some respects, as the Supreme Court recently explained.  *In re McGee*, Case No. DK 19-04699, 2020 WL 6588416, at *2 (Bankr. W.D. Mich. Nov. 10, 2020) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)). Here, the Dismissal Order is a final (appealable) order, and therefore qualifies as a judgment; the Debtor filed the Motion more than fourteen days after entry of that judgment; and he appears to be raising an issue

---

[2] The certificate of service on the last page of the Motion states that the Debtor served only the former chapter 7 trustee, and at the time of the hearing the docket gave no indication that counsel had given creditors notice of the hearing. *See* Notice to Creditors and Other Parties in Interest (ECF No. 23, the "Hearing Notice") (directing counsel to serve the Motion and the Hearing Notice on the creditor matrix). After the hearing, counsel filed a belated proof of service which complies with the spirit, if not the letter, of the court's rules. *See* LBR 9013-1 (requiring prompt filing of proof of service and establishing procedure for proof of service on matrix).

[3] The court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to signal the intended reference.  In addition, unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

collateral to the merits, namely "mere inadvertence" in failing to file several required documents, rather than arguing that the court was substantively mistaken when it dismissed his case. The court will review the Motion through the lens of Rule 60(b)(1) given the reference to "inadvertence."

The Sixth Circuit recently reiterated that "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, No. 20-3380, 2020 WL 7828742, at *4 (6th Cir. Dec. 31, 2020) (citation omitted). There is no suggestion of the court's error, so the focus is on whether the Debtor's or counsel's mistake was "excusable." The Motion offers no explanation for the failure to file the missing documents that the Clerk clearly identified in the Notice of Filing(s) Due (ECF No. 3) by the November 12, 2020 deadline, and the label "mere inadvertence" used in the Motion does not fill in the gap. Furthermore, the court perceives in the Motion no other possible provision within Rule 60(b) that might apply.

Second, although the Motion recites that the Debtor has addressed the deficiencies by filing the credit counseling certificate, asset protection report, and Official Form B121, in fact the Clerk again gave notice of the deficiency (post-dismissal) with respect to Official Form B121 by striking the document as not properly signed (ECF No. 22). At the time of the hearing, the Debtor had not amended this form. Under LBR 5005-2, a "stricken document that is amended to correct the defect and filed within 14 days is considered filed as of the date the document was originally filed with the Court." It follows that a stricken document, unamended, is regarded as not being filed at all. So, contrary to the Motion, as of the hearing the Debtor had not addressed the reasons prompting

entry of the Dismissal Order.[4]  Moreover, at the hearing, counsel endeavored to shift blame to the chapter 7 trustee for his supposed failure to supply the correct "key" to upload documents to the trustee's document system.   In addition to the unseemliness of skirting responsibility in this fashion, the argument misses the point as the court explained during the hearing.   The court dismissed the case because the Debtor failed to file documents with the court, not because he failed to upload documents to the trustee's independent system.

Third, regarding the automatic stay, that statutory injunction terminated by operation of law when the court dismissed the case on December 23, 2020. 11 U.S.C. § 362(c)(2)(B). It is far from clear as a textual matter whether  vacating the Dismissal Order will automatically reinstate the automatic stay, and even more doubtful that the stay will apply *nunc pro tunc* to the dismissal, especially after *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696 (2020).  This creates substantial uncertainty. There is, moreover, nothing in the Motion, and nothing offered at the hearing, regarding what transfers of former estate property may have occurred in the nearly two months since dismissal.  Reinstating the case will also create confusion and uncertainty about discharge-related deadlines under the Code and Rules, some of which have already passed, but the Motion makes no effort to address these issues. *See, e.g.*, Fed. R. Bankr. P. 4004(a) and 4007(c).

What leaps from the docket in this matter and from counsel's presentation at the hearing is not "mere inadvertence" but a persistent inattention to detail; a flouting of the court's rules and the Clerk's repeated efforts to assist counsel in complying with those rules; and a slipshod approach to the Debtor's case more generally.  The docket reflects *excessive* rather than *excusable* neglect,

---

[4] In yet another belated corrective filing, the Debtor filed a copy of Official Form B121 after the hearing, nearly a month after the Clerk gave notice that the Debtor's post-dismissal filing had been stricken. This filing, aside from its timing, appears at last to comply with the court's requirements.

coupled with clumsy post-dismissal attempts at correction not at the eleventh hour, but months after that hour.

Unfortunately, the burden of these missteps is visited on the Debtor (first upon entry of the Dismissal Order and again today by the court's refusal to vacate that order). Nevertheless, under straightforward principles of agency, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993).

The court assumes that if the Debtor seeks to re-file a petition through the offices of his current counsel, counsel will not charge him again for the re-filing or for any motion under § 362(c), and if he elects to re-file with another counsel or not re-file at all, counsel will otherwise endeavor to make him whole. The court will retain jurisdiction for a short time to give the Debtor and the United States Trustee an opportunity to consider whether to seek relief under § 329 or some other authority. For the foregoing reasons, the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 21) is DENIED and the court will retain jurisdiction for at least 45 days after entry of this Order to give the Debtor and the United States Trustee an opportunity to consider seeking appropriate relief under the circumstances.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Donald Lee New, Jr., Renee Sophia Coulter, Esq., Stephen L. Langeland, Esq., and the United States Trustee (via first class U.S. Mail addressed to Matthew Cheney, Esq., Assistant United States Trustee).

**IT IS SO ORDERED.**

**Dated February 18, 2021**



Scott W. Dales
United States Bankruptcy Judge